Peter J. Linn, State Bar No. 178697
plinn@bishop-barry.com
Ray Z. Bacerdo, State Bar No. 139221
rbacerdo@bishop-barry.com
BISHOP | BARRY | DRATH
2000 Powell Street, Suite 1425
Emeryville, CA 94608
Telephone:   (510) 596-0888
Facsimile:    (510) 596-0899

Attorneys for Plaintiff Brian Odell


Gregory C. Cheng CA Bar No. 226865
gregory.cheng@ogletreedeakins.com
Jill V. Cartwright CA Bar No. 260519
jill.cartwright@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| BRIAN ODELL, | Case No. 14-cv-00370-RS |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| HOME DEPOT U.S.A., INC. a Delaware corporation, and DOES 1-50, inclusive, | |
| Defendant. | Complaint Filed: January 26, 2014<br>Trial Date:         None set |

**IT IS HEREBY STIPULATED** by and between Plaintiff Brian Odell (hereinafter referred to as "Plaintiff" and/or "Odell") and Defendant Home Depot U.S.A., Inc. (hereinafter referred to as "Defendant" and/or "Home Depot"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

This Stipulation and Protective Order shall be applicable to and shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions, and responses to requests for admissions, exhibits, and pleadings and all other information exchanged and furnished in this Action by the Parties that the parties customarily treat as confidential, proprietary, and/or a trade secret as defined by California Civil Code Section 3426.1.

**1. SCOPE**

(a)     The parties acknowledge that discovery may require disclosure of information that is private and personal or confidential and proprietary, specifically personnel records, personnel policies, employment offers, competitive analyses, income statements, employee, client, or customer personal information (including, but not limited to medical, age, and contact information), medical records, and financial records and statements, along with other trade secret information as defined in California Civil Code Section 3426.1.  As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)     This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

(i)     All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

(ii)     Portions of briefs, memoranda or any writing filed with or otherwise

1 supplied to the Court, which include or refer to any such Confidential Information.

2         (iii)    All information, copies, extracts and complete or partial summaries prepared

3 or derived from Confidential Information; and

4         (iv)    Portions of briefs, memoranda or any writing filed with or otherwise

5 supplied to the Court, which include or refer to any such Confidential Information.

6     (c)    Any person designating documents, testimony, or other information as

7 "Confidential" hereunder asserts that he or she believes in good faith that such material is

8 Confidential Information which falls within the scope of Section (1)(a) and is not otherwise

9 available to the public generally.  Each party or non-party that designates information or items for

10 protection under this Order must take care to limit any such designation to specific material that

11 qualifies under the appropriate standards.  A Designating Party must take care to designate for

12 protection only those parts of material, documents, items, or oral or written communications that

13 qualify so that other portions of the material, documents, items, or communications for which

14 protection is not warranted are not swept unjustifiably within the ambit of this Order.

15 **2.**    **DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

16     (a)    Designation of a document as "Confidential" shall be made by stamping or writing

17 CONFIDENTIAL on the document(s).  Alternatively, the parties may designate documents as

18 "Confidential" by producing the documents with a letter designating the documents by Bates

19 number as "Confidential."  The parties shall make all reasonable effort to designate as

20 "Confidential" only those documents that they reasonably believe constitute personnel records,

21 personnel policies, employment offers, competitive analyses, income statements, employee, client

22 or customer personal information, medical records, financial records and statements, and trade

23 secret information as defined in California Civil Code Section 3426.1.  The failure to designate

24 documents as "Confidential" at the time of production shall not constitute a waiver of the

25 protection of this Order and any party may, at any time up to 30 days before the actual trial date in

26 this action, designate any documents or information produced as "Confidential" that have not as

27 yet been so designated.  Stamping the legend "Confidential" on the cover of any multi-page

28 document shall designate all pages of the document as confidential, unless otherwise indicated by

1  the Designating Party, but only if the entire document is produced in a bound or otherwise intact
2  manner.

3      (b)     Designation of a deposition or other pretrial testimony, or portions thereof, as
4  "Confidential" shall be made by a statement on the record by counsel for the party or other person
5  making the claim of confidentiality at the time of such testimony.  The portions of depositions so
6  designated as "Confidential" shall be taken only in the presence of persons qualified to receive
7  such information pursuant to the terms of this Protective Order: the parties and their attorneys and
8  staff, the court reporter, videographer, the deponent, and the deponent's attorney.  Failure of any
9  other person to comply with a request to leave the deposition room will constitute sufficient
10 justification for the witness to refuse to answer any question calling for disclosure of Confidential
11 Information so long as persons are in attendance who are not entitled by this Protective Order to
12 have access to such information.  The parties may, but need not in order to designate material as
13 Confidential Information, instruct the court reporter to segregate such portions of the deposition in
14 a separate transcript designated as "Confidential."  Portions of such deposition transcripts shall be
15 clearly marked as "Confidential" on the cover or on each page, as appropriate.

16      (c)     Any party may designate documents produced or portions of depositions taken as
17 containing Confidential Information even if not initially marked as "Confidential" in accordance
18 with the terms of this Protective Order by so advising counsel for each other party in writing and
19 by reproducing said documents with the required confidential designation.  Thereafter, each such
20 document or transcript shall be treated in accordance with the terms of this Protective Order;
21 provided, however, that there shall be no liability for any disclosure or use of such documents or
22 transcripts, or the Confidential Information contained therein, which occurred prior to actual
23 receipt of such written notice.  Any person who receives actual notice of any such designation of
24 previously produced documents or deposition transcripts as containing Confidential Information
25 shall thereafter treat such information as if it had been designated as "Confidential" at the time he,
26 she, or it first received it in connection with this matter.

27      (d)     Inadvertent failure to designate Confidential Information shall not be construed as a
28 waiver, in whole or in part, and may be corrected by the producing party by designating documents

produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, Paragraph 2(c) above.

**3.      LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)     No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b)     Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

(i)      The parties;

(ii)     Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)    Home Depot's, its subsidiaries', or its affiliates' in-house counsel;

(iv)    Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v)     The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

(vi)    Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii)   Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

(c)     Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at deposition or at trial and represents that he or she previously executed an Acknowledgment, it shall be produced for inspection by opposing counsel upon request.  Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

(d)     Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 3(c) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

(e)     The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 3(b)(i)-(vii) above.

**4.     FILING DOCUMENTS UNDER SEAL**

(a)     If a Party wishes to submit a document to the Court which the other Party has designated as Confidential or which contains Confidential Information and which has not been successfully challenged under Paragraph 5 below, the submitting Party shall notify the Designating Party of the exact material which the Party intends to submit to the Court at least 30 days prior to the date on which the Party intends to make the submission, so as to provide the Designating Party sufficient time to determine whether it needs to bring a motion ordering that the material be filed under seal.  Any such motion must comply with the procedures set forth in Civil Local Rule 79-5 General Order 62, and must also comply with Federal Rule of Civil Procedure 26(c)(1).  The written application and proposed order shall be presented to the judge along with the document intended to be submitted for filing under seal.  The original and judge's copy of the document shall

1  be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.
2  If only a portion of the document is sealable, then both the copy lodged with the Clerk and the
3  judge's copy shall have the sealable portions identified by notation or highlighting of the text.
4        The Application and Order to Seal, along with the material to be placed under seal, shall not
5  be electronically filed but shall be filed manually in the manner prescribed by Civil Local Rule 79-
6  5 and General Order 62.  A Notice of Manual Filing shall also be electronically filed, identifying
7  all materials being manually filed.
8        (b)    Any party requesting that a record be filed under seal must comply with Civil Local
9  Rule 79-5 and General Order 62.  The Parties agree and recognize that Confidential Information or
10 any paper containing Confidential Information cannot be filed under seal based solely upon this
11 stipulated Protective Order.
12 **5.       CHALLENGE TO CONFIDENTIALITY DESIGNATION**
13       Any party that wishes to challenge the designation of a document or other information as
14 "Confidential" must identify the documents or information for which it is challenging the
15 designation within 30 days after their production.  The Designating Party may, for good cause
16 shown, bring a motion before the Court requesting that the Court confirm the designation of any
17 document or information as "Confidential."  The party asserting the designation as "Confidential"
18 shall have the burden of establishing good cause for the designation.  However, the Court shall be
19 authorized to award the moving party attorneys' fees as a sanction if the challenge to the
20 "Confidential" designation was made in bad faith or was frivolous.  The interested parties or other
21 persons shall attempt to resolve such disagreements before submitting them to the Court pursuant
22 to Civil Local Rule 37-1.  Pending resolution of any dispute concerning such designation, all
23 parties and persons governed by this Protective Order shall treat all documents and information
24 previously designated as "Confidential" as protected from further disclosure by this Protective
25 Order.
26 **6.       SURVIVAL OF ORDER - RETURN OF DOCUMENTS**
27       (a)    The provisions of this Order shall continue in effect until otherwise ordered by the
28 Court, or after notice and an opportunity to be heard is afforded to the parties to this action.  The

final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations under this stipulation and Order.  The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.  Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.  Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made.

(b)     Except as provided in Paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

**7.     USE OF DOCUMENTS AT TRIAL**

This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked Confidential hereunder which is used at any evidentiary hearing or trial in this action.  The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial.

**8.     USE OF OWN DOCUMENTS BY PRODUCING PARTY**

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

**9.     APPLICATIONS TO COURT**

(a)     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available.  This Protective Order shall

1   not preclude or limit any party's right to seek in camera review or to seek further and additional
2   protection against or limitation upon production or dissemination of information produced in
3   response to discovery, including documents and their contents.

4   (b) Any person to or by whom disclosure or inspection is made in violation of this
5   Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms
6   hereof.

7   (c) The parties hereto, and all other persons who receive Confidential Information
8   pursuant hereto, agree that any party or other person injured by a violation of this Order does not
9   have an adequate remedy at law and that an injunction against such violation is an appropriate
10  remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the
11  parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any
12  such person.  In the event the aggrieved party shall do so, the responding person subject to the
13  provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has
14  an adequate remedy at law.  Any persons subject to the terms of this Order agree that the Court
15  shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not
16  limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may
17  impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the
18  circumstances for a violation of this Protective Order.

19  (d) If any deponent required under the terms of this Protective Order to execute the
20  written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the
21  parties may complete the deposition on other matters and/or adjourn it and move the Court for any
22  appropriate relief, including (without limitation) relief from this Protective Order as to that
23  deponent, or an order that the deponent shall execute the written agreement described in Paragraph
24  3(c) above, or an order that deponent shall be bound by the terms of this Protective Order.  Any
25  non-party whose Confidential Information is the subject of such a motion shall be given notice
26  thereof.

27  **10.   <u>AGREEMENT TO COOPERATE</u>**
28  The parties hereto and their respective attorneys of record agree that, when one party's

1 attorney requests a deponent to sign the written Acknowledgment and Agreement described in
2 Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a
3 good faith basis for refusing to join in such a request; provided, however, that this requirement
4 shall not apply with respect to any deponent who is represented at his or her deposition by an
5 attorney of record for any party hereto (including any member or associate of their respective law
6 firms).  An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be
7 construed to constitute legal advice to the deponent, but shall and may be stated to be simply a
8 request to facilitate discovery in this action.

9 **11. NO ADMISSIONS**

10 Neither entering into this Stipulation for Protective Order, nor receiving any documents or
11 other information designated as "Confidential" shall be construed as an agreement or admission:
12 (1) that any document or information designated as "Confidential" is in fact Confidential
13 Information; (2) as to the correctness or truth of any allegation made or position taken relative to
14 any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or
15 materiality of any information or document designated as "Confidential."

16 **12. NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY**

17 Nothing in this Protective Order shall be construed as requiring disclosure of Confidential
18 Information, including, but not limited to, materials subject to protection under the attorney-client
19 privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other
20 applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is
21 otherwise beyond the scope of permissible discovery.  Further, nothing in this Protective Order
22 shall be construed as a waiver by a party of any objections that might be raised as to the
23 admissibility at trial of any evidentiary materials.

24 **13. DISCLOSURE IN VIOLATION OF ORDER**

25 If any Confidential Information is disclosed to any person other than in the manner
26 authorized by this Protective Order, the party responsible for the disclosure must immediately, in
27 writing, notify the opposing party and the Designating Party of all pertinent facts relating to such
28 disclosure, and without prejudice to the rights and remedies of the Designating Party, make every

effort to prevent further unauthorized disclosure.

**14.**   **MODIFICATION - FURTHER AGREEMENTS**

Nothing contained herein shall preclude any party from seeking from a Court modification of this Stipulated Protective Order upon proper notice, nor shall anything contained herein be construed as to preclude the parties from entering into other written agreements designed to protect Confidential Information.

**15.**   **COUNTERPARTS**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED: June 6, 2014                               BISHOP | BARRY | DRATH

By:   */s/  Peter J. Linn*
         Peter J. Linn

Attorneys for Plaintiff
BRIAN ODELL

DATED: June 6, 2014                               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   */s/  Jill V. Cartwright*
         Gregory C. Cheng
         Jill V. Cartwright

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: June 6, 2014                               By:   /s/ Jill V. Cartwright
                                                              Jill V. Cartwright

~~[PROPOSED]~~ **ORDER**

**GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT** the provisions of the concurrently-filed stipulation between the parties regarding the use and protection of Confidential Information (the "Stipulated Protective Order") shall be entered as the Order of the Court and be binding upon the parties. The Court further orders that, consistent with Paragraph 4 of the parties' Stipulated Protective Order, the parties file documents under seal which are subject to this Stipulated Protective Order and have not been successfully challenged by the opponent. In all other respects, the parties must comply with the procedures set forth in Local Rule 79-5, General Order 62 and must also comply with Federal Rule of Civil Procedure 26(c)(1).

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 9, 2014

_____
THE HON. RICHARD SEEBORG
JUDGE OF THE UNITED STATES
DISTRICT COURT

17799994.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, hereby certify that:

1. My present address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in the above-captioned case and agree to be bound by the terms of the Protective Order.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any Confidential Information or any portion or substance thereof provided to me in the course of this litigation.

7. I will return all materials containing Confidential Information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession, and documents or things that I prepared relating thereto and containing such Confidential Information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

8. I understand that if I violate the provisions of this Protective Order, I may be subject to sanctions by the Court, among other things.

9. I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of this Protective Order against me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:_____     Signature:_____

17799994.1